IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODRICK ELLIOTT, #122155 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv450 |
| MAXEY CERLIANO | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rodrick Elliott, an inmate confined at the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The undersigned issued an order, (Dkt. #10), directing Plaintiff to file an amended complaint on the standardized section 1983 form no later than April 29, 2022. Specifically, the order directed Plaintiff to amend his complaint to address how he was harmed and how Defendant Cerliano was personally involved. The order warned Plaintiff that the failure to comply may result in the dismissal of his lawsuit. A copy of this order was mailed to Plaintiff at his last-known address. To date, however, Plaintiff has not filed an amended complaint.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of

1

time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, despite additional time, Plaintiff Elliott failed to comply with the order to file an amended complaint no later than April 29, 2022. Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice. In accordance with *Campbell v. Wilkinson*, the Court recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court. The Court further recommends that the statute of limitations in this case be suspended for a total of 60 days upon issuance of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 19th day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE